UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BENJAMIN GOLDEN,

                      Plaintiff,

          -against-

THE CITY OF NEW YORK, NEW YORK
CITY DEPARTMENT OF CORRECTIONS,

                      Defendants.
-----------------------------------------------------------x

ECF Case

COMPLAINT

Plaintiff Benjamin Golden, by his attorneys Kahn Gordon Timko & Rodriques, P.C., as and for his complaint against Defendants, alleges as follows:

## THE PARTIES

1. Plaintiff Benjamin Golden is a natural person who resides at 1755 Mahan Avenue, Bronx, New York.

2. Upon information and belief, Defendant City of New York (hereinafter "City") is a corporation organized and existing under and by virtue of the laws of the State of New York.

3. Upon information and belief, Defendant New York City Department of Corrections (hereinafter "DOC") was and still is an agency of Defendant City and subject to its control.

4. Upon information and belief, DOC is a division of the Defendant City organized and existing under and by virtue of the laws of the State of New York.

5. Upon information and belief, Defendant City owns and through the DOC manages, operates, controls, maintains, supervises a correctional facility known as Riker's

Island and, more specifically, at the Anna M. Cross Center, located at 18-18 Hazen Street, East Elmhurst, New York (the "Facility").

6. Upon information and belief, at all times hereinafter mentioned, Defendant City and DOC were acting under color of law, to wit: under color of the statutes, ordinances, regulations, policies, customs and practices of Defendant City, DOC and/or the State of New York.

## JURISDICTION AND VENUE

7. Plaintiff brings this suit for violation of his civil rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of New York. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States and it is an action to redress violation of Plaintiff's civil rights.

8. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over claims in this action with respect to violation of the laws of the State of New York because such claims are so related to claims in this action within such original jurisdiction that they form part of the same case or controversy.

9. Venue is proper in the Southern District of New York, pursuant to 28 U.S.C. §§ 1391(a)(1) and (a)(2) because it is the judicial district in which the Defendants have their principal place of business and in which the events or omissions giving rise to Plaintiff's claim occurred.

10. On January 23, 2008, which was within ninety (90) days after the claim herein arose, Plaintiff caused a Notice of Claim, in writing, sworn to and verified, to be served upon the Defendant City.

11. More than thirty (30) days have elapsed since the claim was presented to the Defendant City for adjustment and Defendant City has failed and refused adjustment or payment.

12. This action is timely commenced pursuant to Section 50-i(1) of the General Municipal Law of the State of New York.

13. Defendants held a hearing of the Plaintiff, pursuant to Section 50-h of the General Municipal Law, on April 18, 2008.

14. Plaintiff has, in all respects, complied with all of the statutory prerequisites for the commencement and prosecution of this action.

## The Facts

15 On January 5, 2008, Plaintiff Benjamin Golden was in the custody, possession and control of, and being detained by, defendants at defendants' correctional facility known as Riker's Island and, more specifically, at the Anna M. Cross Center, located at 18-18 Hazen Street, East Elmhurst, New York (the "Facility").

16. Upon arriving at the Facility, Plaintiff was confined to one or more "holding pens", along with other detainees, to undergo an intake process that included, but was not limited to, screening, criminal record check, physical and magnetometer searches of persons and possessions, classification and placement within the Facility.

17. Upon information and belief, Juan Mejias, NYSID Number 610-18-914, was one of the detainees who was undergoing the intake process at the Facility at the same time as the Plaintiff and was in one or more "holding pens" with the Plaintiff.

18. The intake area and holding pens were operated, managed, controlled, supervised, patrolled, secured and surveilled by defendants, their agents, servants and/or

employees.

19. Upon information and belief, on January 5, 2008 prior to 6:00 P.M., defendants, by their agents, servants and/or employees, performed strip and cavity searches on the persons of the detainees, including Plaintiff and Juan Mejias, and x-ray and magnetometer searches of their property and possessions.

20. The searches are conducted by defendants in order to interdict contraband and to keep the Facility safe for all persons therein, including the Plaintiff and defendants' agents, servants and/or employees..

21. At approximately 6:00 P.M. on January 5, 2008, Plaintiff and the other detainees, including Juan Mejias, were moved from a holding pen and instructed to line up to be served dinner.

22. Upon information and belief, Juan Mejias did not join the line with the other detainees, and assumed a position separate, aside and apart from the dinner line.

23. Plaintiff was waiting on the dinner line when without warning or provocation, Juan Mejias charged at Plaintiff and slashed Plaintiff's face with a razor blade.

24. Defendants, by their agents, servants and/or employees did nothing to prevent or stop Juan Mejias from attacking and slashing the Plaintiff.

25. The incident was recorded by surveillance cameras within the Facility and defendants have possession, custody and control of the images and videotape that depict the incident.

26. As a result of being slashed, Plaintiff sustained serious and permanent injuries including, but not limited to, substantial deformity and nerve damage to his face.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR ASSAULT AND BATTERY

27. Plaintiff repeats and realleges Paragraphs "1" through "26" as if fully set forth.

28. By allowing Juan Mejias to possess a razor blade within the Facility, and by not stopping or restraining him from attacking and slashing the Plaintiff, defendants, by their agents, servants and/or employees assaulted and battered Plaintiff, causing him to sustain serious and permanent personal injuries.

29. The assault and battery were without probable cause or justification.

30. At the time of the assault and battery upon Plaintiff, defendants, by their agents, servants and/or employees were acting within the scope of their employment and under color of law.

31. The assault and battery upon Plaintiff was intentional and/or reckless, negligent and careless in that defendants allowed Juan Mejias to possess a razor blade inside the Facility and did not stop or restrain Juan Mejias from slashing the Plaintiff with a razor blade.

32. Along with the serious permanent personal injuries, Plaintiff sustained humiliation, shame, indignity and emotional and physical distress and injury all to his damage in the sum of Five Million Dollars.

33. The assault and battering of Plaintiff was wanton, willful and malicious and Plaintiff is entitled to an award of punitive damages in an amount to be determined upon the trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION FOR NEGLIGENCE IN FAILING TO PROTECT THE PLAINTIFF

34. Plaintiff repeats and realleges Paragraphs "1" through "33" as if fully set forth..

35. Defendants had a duty to protect the Plaintiff and keep him safe from harm while he was in their custody, possession and control.

36. Defendants breached that duty by failing to conduct a proper and thorough search of Juan Mejias; by not segregating Juan Mejias from other detainees although, upon information and belief, Defendants knew or should have known that Juan Mejias had prior mental issues and prior violent propensities; by allowing Juan Mejias to possess a razor blade within their Facility; and by failing to stop or restrain Juan Mejias from attacking and slashing the Plaintiff.

37. As a result of Defendants' breach of their duty to protect the Plaintiff and keep him safe, Plaintiff sustained serious and permanent injuries including, but not limited to, substantial deformity and nerve damage to his face.

38. Along with the serious permanent personal injuries, Plaintiff sustained humiliation, shame, indignity and emotional and physical distress and injury all to his damage in the sum of Five Million Dollars.

## AS AND FOR A THIRD CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. § 1983

39. Plaintiff repeats and realleges Paragraphs "1" through "38" as if fully set forth..

40. Defendants, acting under color of law and within the scope of their authority failed to keep the Plaintiff safe and free from harm while he was in their custody, possession

and control in violation of 42 U.S.C. § 1983.

41. Defendants' failure to protect the Plaintiff and keep him from being slashed by another detainee was done with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the Constitutional and statutory civil rights of the Plaintiff.

42. The deprivation by Defendants of Plaintiff's civil rights was a result of Defendants acting under color of law and within their authority.

43. Defendants' actions were not privileged or immune when they allowed Plaintiff to be assaulted and battered within their correctional facility.

44. As a result of the violation of Plaintiff's rights under 42 U.S.C. § 1983, he has been damaged in the sum of Five Million Dollars.

45. The violation of Plaintiff's civil rights by defendants was wanton willful and malicious and Plaintiff is entitled to an award of punitive damages in an amount to be determined upon the trial of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR NEGLIGENT HIRING, TRAINING AND RETENTION

46. Plaintiff repeats and realleges Paragraphs "1" through "47" as if fully set forth..

47. Defendant DOC was responsible for hiring and training correction officers, who are competent and capable of properly carrying out their jobs without causing injury or allowing injury to be caused persons, including the Plaintiff.

48. Defendant DOC was negligent, reckless and careless in the hiring, training and retention of the correction officers who were on duty within the Facility and responsible

for executing and supervising the intake process at the time of the occurrence herein.

49. Defendant DOC negligently recklessly and carelessly failed to investigate and determine whether said correction officers were capable and competent to carry out their jobs without causing injury or allowing injury to be caused to persons, including the Plaintiff.

50 As a result of the negligence, recklessness and carelessness of the Defendant DOC in the hiring, training and retention of its correction officers, Plaintiff was caused sustain serious personal injury, emotional anguish and deprivation of his civil rights and has been damaged in the amount of Five Million Dollars.

WHEREFORE, Plaintiff demands judgment against defendants, who are jointly and severally liable, in the sum of Five Million Dollars on each of the FIRST through FOURTH causes of action, punitive damages in an amount to be determined upon the trial of this action on each of the FIRST, SECOND and THIRD causes of action, reasonable attorneys fees pursuant to 42 U.S.C. § 1988(b), the costs and disbursements of this action and such other and further relief as this Court deems to be just and proper.

Dated: New York, New York
       July 25, 2008

Kahn Gordon Timko & Rodrigues, P.C.

By: _____
    Nicholas I. Timko (NIT 2484)
Attorneys for Plaintiff
20 Vesey Street - 3rd Floor
New York, New York 10007
(212) 233-2040
E-Mail: nitimko@kgtrpc.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BENJAMIN GOLDEN,

                  ECF Case

      Plaintiff,

 -against-

THE CITY OF NEW YORK, NEW YORK
CITY DEPARTMENT OF CORRECTIONS,

      Defendants.
------------------------------------------------------------x


**COMPLAINT**


Kahn Gordon Timko & Rodriques, P.C..
Attorneys for Plaintiff
20 Vesey Street - 3rd Floor
New York, New York 10007
(212) 233-2040